UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lisa Gann, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-01566-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Dynasplint Systems, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are three motions in limine filed by Plaintiff Lisa Gann and Defendant Dynasplint Systems, Inc. ("Dynasplint"). Defendant filed a Motion in Limine (ECF No. 41) to preclude the testimony of Plaintiff's treating physician Dr. Watson regarding the cause of Plaintiff's injuries, and a Motion in Limine (ECF No. 42) to preclude the report and testimony of Plaintiff's expert, Dr. Mari Truman. Plaintiff filed a Motion in Limine (ECF No. 45) to preclude evidence of collateral source payments. The motions are fully briefed.

**I. BACKGROUND**

In June 2011, Plaintiff filed her Complaint in state court. (Compl., Ex. A to Notice of Removal, ECF No. 1.) Plaintiff alleges that Defendant's product, the "MTP Extension Dynasplint System," was prescribed to her for rehabilitation of her toe after surgery in June 2009 and was defective. (*Id.*) As a result of injuries she suffered, Plaintiff alleges causes of action against Defendant for strict product liability and negligence. (*Id.*)

In September 2011 Plaintiff effected service upon Defendant; and shortly after, Defendant removed the action to this Court and filed its Answer the same day. (Notice of Removal, ECF No. 1; Answer, ECF No. 2.) Discovery commenced in December 2011, was extended in March and September 2012, and closed in November 2012. (Scheduling Order, ECF No. 10; Mins. of Proceedings, ECF No. 14; Scheduling Order, ECF No. 24.) No

dispositive motions were filed, and the deadline expired on December 26, 2012. (Scheduling Order, ECF No. 24.)  The parties appeared before United States Magistrate Judge Nancy J. Koppe in April 2013 for a settlement conference, but no settlement resulted. (Mins. of Proceedings, ECF No. 39.)  Trial is currently set for November 19, 2013. (Min. Order, ECF No. 49.)

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).  *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 702 of the Federal Rules of Evidence provides for a qualified expert witness to testify in the form of an opinion if the Court finds that:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>(b) the testimony is based on sufficient facts or data;
>(c) the testimony is the product of reliable principles and methods; and
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This rule incorporates the amendments made in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, including *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999).

### III. DISCUSSION

**A. Defendant's Motion in Limine No. 1 (ECF No. 41) regarding Dr. Watson**

Defendant argues that Dr. Watson should be precluded from testifying as an expert as to the cause of Plaintiff's injuries, and should be limited to testimony as to his own personal observations and treatment of Plaintiff.  As grounds for this motion, Defendant cites Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as well as Rules 702 and 403 of the Federal Rules of Evidence.

Defendant points to Dr. Watson's deposition testimony in which he stated that he first began treating Plaintiff six months after she ceased using the Dynasplint devices.  (Wieczorek Aff., Ex. K, ECF No. 41-12.)  Defendant also emphasizes Dr. Watson's self-professed lack of experience in treating patients with the Dynasplint device to show that Dr. Watson cannot meet the requirements under Rule 702 to be designated an expert as to causation.  In response, Plaintiff argues generally that "Dr. Watson's education, training, and experience, as detailed in his curriculum vitae . . ., meet the liberal standards for qualification as an expert witness under FRE 702." (Response, 4:19–20, ECF No. 46.)  Plaintiff appears to rely on Dr. Watson's knowledge, training and background in orthopedic surgery as well as his treatment of Plaintiff

to show qualifications sufficient to designate him as an expert witness as to causation.

Defendant also argues that Plaintiff violated Rule 26(a)(2)(B) by not providing any written report upon designation of Dr. Watson as an expert. In the Response (ECF No. 46), Plaintiff does not address this ground for precluding Dr. Watson's testimony. Although not cited by Defendant, Rule 37 of the Federal Rules of Civil Procedure provides for sanctions where a party fails to provide information as required by Rule 26(a), including preclusion of witness testimony at trial. As noted by Defendant, the Ninth Circuit has held "that when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819–20 (9th Cir. 2011).

Defendant's arguments as to the insufficiency of Dr. Watson's opinions as to causation would, at the least, justify a pre-trial hearing to determine whether Dr. Watson's conclusions satisfy the Rule 702 standard. However, at this time the Court will preclude expert testimony from Dr. Watson based on Plaintiff's Rule 26 violation and failure to provide good cause justifying a different result. Plaintiff's failure to provide a written report from Dr. Watson pursuant to Rule 26 and Plaintiff's failure to oppose this argument or provide good cause for the violation is a sufficient basis to preclude Dr. Watson from testifying as an expert. The scope of Dr. Watson's testimony will not be permitted to exceed his own personal observations and treatment of Plaintiff.

**B. Defendant's Motion in Limine No. 2 (ECF No. 42) regarding Dr. Truman**

Defendant argues that Dr. Truman should be precluded from testifying as an expert as to the cause of Plaintiff's injuries pursuant to Rule 403 and Rule 702 of the Federal Rules of Evidence. Defendant cites Dr. Truman's deposition testimony and written report to argue that Dr. Truman's conclusions lack sufficient factual basis and are unreliable.

1    Dr. Truman is a biomechanical engineer with decades of experience in product design
2  and development for orthopaedic medical devices. (Truman CV, Ex. B to Wieczorek Aff., ECF
3  No. 42-2.)  In her report, Dr. Truman concluded that the Dynasplint device was defective in
4  design, and that Dynasplint failed to assure that each patient receives appropriate fitting and
5  adjustment of their device by a trained professional, thereby causing Plaintiff's injury. (Truman
6  Expert Report, Ex. B to Wieczorek Aff., ECF No. 42-2.)

7    Defendant argues that Dr. Truman failed to consider some possible testing alternatives,
8  failed to rule out other potential causes of Plaintiff's injuries and did not personally speak to
9  Plaintiff, and that therefore Dr. Truman's conclusions are unreliable and based on insufficient
10 facts pursuant to Rule 702.  Defendant also argues that any causation opinions by Dr. Truman
11 would be unfairly prejudicial pursuant to Rule 403 because a jury would give greater weight to
12 the testimony of an "expert" and would be misled as to the weaknesses in Dr. Truman's
13 analysis.

14   Here, having considered Defendant's arguments, as well as Dr. Truman's CV, Expert
15 Report, and deposition testimony, the Court finds that Defendant has not met its burden at this
16 time to show that Dr. Truman's testimony is inadmissible pursuant to Rule 702, or that it
17 should be excluded pursuant to Rule 403.  Also, some of Defendant's arguments are more
18 properly addressed to the jury as to the weight the jury should accord Dr. Truman's opinions, as
19 opposed to the Court regarding the admissibility of Dr. Truman's opinions.

20   Nevertheless, the Court finds that a pre-trial hearing is likely appropriate in order to
21 determine the extent of Dr. Truman's admissible testimony and the permissible scope of any
22 arguments Plaintiff may make to the jury as to Dr. Truman's conclusions.  Therefore, although
23 the Court will deny Defendant's motion at this time, the Court gives leave for either party to
24 request a pre-trial Rule 702 hearing so that the Court may further evaluate Dr. Truman's expert
25 qualifications.

**C. Plaintiff's Motion in Limine No. 1 (ECF No. 45) regarding Collateral Source Payments**

The Nevada Supreme Court has described the collateral source rule as a bar to the admission of evidence of a plaintiff's receipt of compensation for injuries from a source independent of the alleged tortfeasor, such as disability insurance payments. *See Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev. 1996). "The excessive prejudicial nature of the evidence mandates its exclusion" because of the danger that a jury might deduct such payment from the damages a plaintiff would otherwise collect from the tortfeasor. *Id*.

Here, in her motion, Plaintiff argues that any evidence of collateral source payments for Plaintiff's medical expenses should be excluded, which is consistent with the Nevada rule. (*See* Pl.'s MIL No. 1, ECF No. 45.) However, Plaintiff also argues that this rule should be construed to bar evidence of the "offset of any of those payments" where they "have been reduced pursuant to an agreement between the healthcare insurer and the provider." (*Id*.) Plaintiff cites non-binding case law from other states to support the proposition that "the amount paid by a healthcare insurer pursuant to a contract made with the healthcare provider" should be excluded "as evidence of the amount of plaintiff's medical expense damages." (*Id*.)

In opposition, Defendant argues that the result of Plaintiff's requested relief would be a windfall to Plaintiff if she receives an award of damages greater than what she actually paid, and that Plaintiff should not be allowed to recover sums that were never paid by anyone. Defendant distinguishes between the exclusion of actual payments from collateral sources, and Plaintiff's requested exclusion of evidence as to prior agreed-upon reductions in rates between the medical providers and the insurer. Defendant therefore argues that the evidence discussed by Plaintiff is outside the scope of the collateral source rule and is admissible to show the actual medical expenses incurred by Plaintiff.

In support, Defendant argues that although the Nevada Supreme Court has not ruled

1  directly on the issue, Nevada case law and the Nevada Pattern Jury Instructions suggest that
2  such evidence would not be excluded because a damages calculation would include Plaintiff's
3  reasonable medical expenses incurred or that are reasonably certain to be incurred in the future
4  as a result of Defendant's tortious conduct. (Response, ECF No. 48.)  In its argument,
5  Defendant also relies on opinions from the California Supreme Court. (*Id*.)  Defendant also
6  argues that Plaintiff's request is premature to the extent that Plaintiff is asking for a
7  determination of whether her medical expenses were reasonable and necessary in relation to a
8  damages calculation. (*Id*.)

9       Here, the Court finds that Plaintiff's motion may be granted to the extent that Plaintiff is
10 simply asking the Court to enforce the collateral source rule as articulated by the Nevada
11 Supreme Court. *See Proctor*, 911 P.2d at 854 ("We now adopt a *per se* rule barring the
12 admission of a collateral source of payment for an injury into evidence for any purpose.")  In
13 the absence of any binding authority directly on point, the Court also finds persuasive the
14 discussion of Nevada's collateral source rule in *Gresham v. Petro Stopping Ctrs.*, No. 3:09-cv-
15 00034-RCJ-VPC, 2012 WL 5198481, 2012 U.S. Dist. LEXIS 150009 (D. Nev. Oct. 18, 2012).

16      To the extent that Plaintiff is requesting exclusion of specific exhibits or testimony, the
17 Court cannot find that Plaintiff has provided the Court with enough specificity as to the actual
18 evidence she seeks to exclude, so as to make a final determination of admissibility.  In this
19 regard, it is possible that Defendant's argument as to the prematurity of Plaintiff's request is
20 accurate.  Therefore, although the motion will be granted, to the extent that Plaintiff or
21 Defendant wishes to request an evidentiary ruling as to particular exhibits or testimony, the
22 Court will consider such a motion when it is raised.

23     **IV. CONCLUSION**
24      Therefore, as described more fully in this Order,
25      **IT IS HEREBY ORDERED** that Defendant's Motion in Limine No. 1 (ECF No. 41) is

1  **GRANTED**.

2  **IT IS FURTHER ORDERED** that Defendant's Motion in Limine No. 2 (ECF No. 42)
3  is **DENIED**.

4  **IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 1 (ECF No. 45) is
5  **GRANTED**.

6

7  **DATED** this __23__ day of October, 2013.

8  _____
   Gloria M. Navarro
9  United States District Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25